RICHARD L HOLCOMB (HI Bar No. 9177)
Holcomb Law, A Limited Liability Law Corporation
1136 Union Mall, Suite # 808
Honolulu, HI  96813
Telephone: (808) 545-4040
Facsimile: (808) 356-1954
Email: rholcomblaw@live.com

Attorney for Plaintiff

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| EILEEN QUETULIO, and JEFFREY CORPUZ,<br><br>        Plaintiffs,<br><br>vs.<br><br>LVNV FUNDING, LLC, and J.C. CHRISTENSEN & ASSOCIATES, INC.,<br><br>        Defendants. | CASE NO. 1:14-cv-569<br><br>COMPLAINT FOR DAMAGES DECLARATORY AND INJUNCTIVE RELIEF; EXHIBITS "A" THROUGH "I"; and VERIFICATION<br><br>JURY TRIAL REQUESTED |

## COMPLAINT

## <u>INTRODUCTION</u>

1.     This is an action for damages against the Defendants for violations of

the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq* and the Hawaii

Revised Statutes.

2.     Jurisdiction of this Court arises under 28 U.S.C. § 1331 (federal

question jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction) as the

primary cause of action is Defendants' violation of 15 U.S.C. § 1692, et al.

3.      This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq*. ("FDCPA") and the Hawaii Revised Statutes, in their illegal efforts to collect a consumer debt.

4.      Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

## PARTIES

5.      Plaintiff, EILEEN QUETULIO (hereinafter referred to collectively as "Plaintiffs" and/or individually as "Ms. Quetulio") is a resident of this State, District and Division who is authorized by law to bring this action.

6.      Plaintiff, JEFFREY CORPUZ (hereinafter referred to collectively as "Plaintiffs" and/or individually as "Mr. Corpuz) is a resident of this State, District and Division who is authorized by law to bring this action.

7.      Defendant LVNV Funding, LLC (hereinafter "Defendant LVNV" or "LVNV") is a "debt collector" as defined by 15 U.S.C. § 1692a(6), and a for-profit corporation organized in Delaware, and maintains Corporation Service Company, 1703 Laurel Street, Columbia, SC  29223, as its registered agent for service of process.

8.      Defendant J.C. Christensen & Associates, Inc. (hereinafter "Defendant Christensen" or "Christensen") is a "debt collector" as defined by 15 U.S.C. §

1692a(6), and a for profit corporation organized in Minnesota, and maintains CT Corporation System, Inc., 100 South Fifth Street, Suite 1075, Minneapolis, MN 55402, as its registered agent for service of process.

9.     Defendants are subject to the jurisdiction and venue of this Court.

10.     Other defendants may be discovered in the course of litigation, and Plaintiffs respectfully pray that the Court will permit the addition of later discovered parties upon motion.

## FACTUAL ALLEGATIONS

11.     Defendants use mail in their businesses.

12.     The primary purpose of Defendants' businesses is the collection of debts.

13.     Defendants regularly collect or attempt to collect debts owed, or due, or asserted to be owed or due to another.

14.     Defendants are debt collectors subject to the provisions of the Fair Debt Collection Practices Act and the Hawai'i Revised Statutes.

15.     Upon information and belief, Defendants do not maintain (i.e., actually employ or implement) procedures to avoid errors under the FDCPA or Hawaii Revised Statutes.

16.     Defendants have alleged that Plaintiffs incurred an obligation to pay money arising out of a transaction in which the money, property, insurance or

services which are the subject of the transaction are primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a "Best Buy" credit card bill allegedly originally owed to or serviced by HSBC Bank Nevada, N.A.

17.    The underlying debt is disputed.

18.    Before April 11, 2013, the alleged debt was assigned to Defendant LVNV.   This assignment is believed to have occurred on December 14, 2009, *see* **Exhibit G**, below.

### *April 11, 2013 Collection Letter on behalf of Defendant LVNV*

19.    On or about April 11, 2013, Plaintiffs were sent a collection letter from Allied Interstate (a debt collector that is not named as a party to this lawsuit) stating "LVNV Funding LLC has given us authority to settle your account for less than the total amount due." **Exhibit A**.

20.    The April 11, 2013 letter further states that the "Current Creditor" is Defendant LVNV, that the "Original Creditor" was HSBC Bank Nevada, N.A. and that the "Original Account Number" ended in 9754. **Exhibit A.**

21.    The April 11, 2013 letter states "Current Balance:  $2,712.03." **Exhibit A**.

### *May 6, 2013 Collection Letter on behalf of Defendant LVNV*

22.    On or about May 6, 2013, Plaintiffs were sent a collection letter from

Allied Interstate stating "LVNV Funding LLC has given us authority to settle your account for less than the total amount due." **Exhibit B**.

23.     The May 6, 2013 letter further states that the "Current Creditor" is Defendant LVNV, that the "Original Creditor" was HSBC Bank Nevada, N.A. and that the "Original Account Number" ended in 9754. **Exhibit B.**

24.     The May 6, 2013 letter states "Current Balance:   $2,721.09." **Exhibit B**.

### *August 6, 2013 on behalf of Defendant LVNV*

25.     On or about August 6, 2013, Ms. Quetulio was sent a collection letter from Allied Interstate that states "[w]e are a debt collection company and our client, Resurgent Capital Services, L.P. has retained us to collect the debt noted above." **Exhibit C**.

26.     However, the August 6, 2013 letter further states that the "Current Creditor" is Defendant LVNV, and that the letter is regarding the HSBC Bank Nevada, N.A. with the account number ending in 9754. **Exhibit C**.

27.     The August 6, 2013 letter states "Amount Owed:   $2,760.34." **Exhibit C**.

### *September 9, 2013 on behalf of Defendant LVNV*

28.     On or about September 9, 2013, Ms. Quetulio was sent a collection letter from Allied Interstate that states "[w]e are a debt collection company and our

client, Resurgent Capital Services, L.P. has retained us to collect the debt noted above." **Exhibit D**.

29.     However, the September 9, 2013 letter further states that the "Current Creditor" is Defendant LVNV, and that the letter is regarding the HSBC Bank Nevada, N.A. with the account number ending in 9754.  **Exhibit D**.

30.     The September 9, 2013 letter states "Amount Owed:   $2,775.01." **Exhibit D**.

### *January 20, 2014 Collection Letter from Defendant Christensen*

31.     On or about January 20, 2014, Mr. Corpuz was sent a collection letter from Defendant Christensen.  The letter states "[y]our account has been assigned to J.C. Christensen & Associates, Inc. for  collection as a pre-legal account.  A pre-legal account is one that has been identified and sent to us by our creditor client as an account eligible for legal review.  If our collection efforts fail, our creditor client will consider forwarding your account to an attorney's office for potential legal action." **Exhibit E**.

32.     Plaintiffs assert that Defendant LVNV was Defendant Christensen's "creditor client."

33.     The January 20, 2014 letter states that the "Current Creditor" is Defendant LVNV, that the "Original Creditor" was HSBC Bank Nevada, N.A. and that the "Original Account Number" ended in 9754.  **Exhibit E**.

34.   The January 20, 2014 letter states "Current Balance Due:  $2,832.38" and further states "[p]lease recognize that interest may be accruing on your account. If applicable, we will receive and apply balance adjustments as interest accrues." **Exhibit E**.

### *May 27, 2014 Collection Letter on behalf of Defendant LVNV*

35.   On or about May 27, 2014, Ms. Quetulio was sent a collection letter from the Law Offices of Marvin S.C. Dang on behalf of Defendant LVNV.  The letter states "[w]e have been retained by the above Current Creditor in connection with your above account."  **Exhibit F**.

36.   The May 27, 2014 letter states that the "Current Creditor to whom debt is owed" is Defendant LVNV, that the "Original Creditor" was HSBC Bank Nevada, N.A. and that the "Account Number" ended in 9754.  **Exhibit F**.

37.   The May 27, 2014 letter states "Current Balance Due:  $2,249.19." **Exhibit F**.

### *Use of False, Deceptive and Misleading Civil Complaint to Collect a Debt*

38.   On August 14, 2014, Defendant LVNV filed a Civil Complaint against Ms. Quetulio in the District Court of the First Circuit of Hawaii.  **Exhibit G**.

39.   The Hawaii civil case filed by Defendant against Ms. Quetulio on August 14, 2014 is styled *LVNV v. Eileen Quetulio*, 1RC14-1-6799.

40.   In its Complaint, LVNV claimed $2,249.19 and stated that the "last date

of indebtedness was on or about May 27, 2014." **Exhibit G**.

41.    LVNV further alleged that the Original Creditor was HSBC Bank Nevada, N.A.

42.    No mention is made of any of the previous amounts demanded by Defendants.  *See* **Exhibit G**.  Indeed, in "Plaintiff's Affidavit of Indebtedness and Ownership of Account" which was attached to the Civil Complaint, Defendant LVNV's "Authorized Representative," Amy Wood, swore that on December 14, 2009, "all ownership rights [of the account] were assigned to, transferred to, and became vested in [Defendant LVNV], *including the right to collect the purchased balance owing of $2,249.19*." **Exhibit G** (emphasis added).

43.    Attached to the Civil Complaint is a document stating "FAIR DEBT COLLECTION PRACTICES ACT NOTICE:   THIS COMMUNICATION IS FROM A DEBT COLLECTOR.  THIS IS AN ATTEMPT TO COLLECT A DEBT. AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.  THE DEBT MAY HAVE BEEN DISPUTED." **Exhibit G**.

44.    The Civil Complaint was a communication under the Fair Debt Collection Practice Act, 15 U.S.C. § 1692a.

46.    Upon information and belief, Plaintiffs assert that Defendant did not review any of the records of the originator of this debt prior to filing the lawsuit.

47.     Upon information and belief Plaintiffs assert that the only records held by Defendants at the time Complaint was filed were computer records that contained very limited information about the alleged debt.

48.     Upon information and belief Plaintiffs assert that the only records that LVNV reviewed prior to signing and verifying the Complaint and filing a state court lawsuit against Ms. Quetulio were the computer records of Defendants.

49.     Defendant LVNV filed the state court collection lawsuit against Plaintiff Quetulio in an attempt to collect the debt by intentionally using false, deceptive and misleading statements as the only evidentiary basis to support its claims.

50.     Nevertheless, on or about December 8, 2014, Defendants obtained a judgment against Ms. Quetulio in the case styled *LVNV Funding, LLC v. Quetulio*, No. 1RC14-1-6799.  **Exhibit H**.  The "Principal Amount" is again identified as $2,249.19.  **Exhibit H**.  The remainder of the balance of the judgment is attributed to fees and costs, fees and costs that were not due until the civil case was adjudicated.  **Exhibit H**.

51.     Plaintiffs assert that interest was never accruing at the rates Defendants attempted to collect on the underlying account and the application of interest to the alleged account(s) is the collection of unwarranted and illegitimate interest and/or fees.

52.     Plaintiffs dispute that they owe money to Defendants and demands strict proof thereof.

53.     The reasonableness of the amounts demanded by Defendants is also disputed.

54.     Plaintiffs did not incur further debt on the underlying account after April 11, 2013.

55.     Plaintiffs made no payments on the account during any of the relevant time period.

56.     Plaintiffs have incurred actual damages, including but not limited to damage to their credit scores, cellular telephone charges, postage in the amount of $0.49, **Exhibit I**, and costs and losses associated with attorney meetings and court appearances including lost wages.

57.     Plaintiffs have complied with all conditions precedent to bring this action.

**CAUSES OF ACTION**

**COUNT ONE: VIOLATIONS OF**
**THE FAIR DEBT COLLECTION PRACTICES ACT**

***First violation of the Fair Debt Collection Practices Act:***
***Use of false, deceptive, or misleading representations or means***

58.     The acts of Defendants constitute violations of the Fair Debt Collection Practices Act.  Defendants violations of the FDCPA include, but are not

limited to, the use of any false, deceptive, or misleading representations or means in connection with the collection of any debt, which is a violation of 15 U.S.C. § 1692e.

59.     The letters from Defendants demand Plaintiffs pay odd amounts, *i.e.*, beginning with the purported balance of $2,712.03 on April 11, 2013, $2,721.09 on May 6, 2013, $2,760.34 on August 6, 2013, $2,775.01 on September 9, 2013, $2,832.38 on January 20, 2014, and $2,249.19 on May 27, 2014 and August 14, 2014 .

60.     Plaintiffs are confused as to how Defendants calculated the amount owed and what authority they have to demand unfamiliar and constantly changing rates of interest.

61.     A calculation of the time passed and the amounts demanded demonstrates that Defendants added interest at an annual percentage rate of 4.877% from April 11, 2013 to May 6, 2013, 5.723% from May 6, 2013 to August 6, 2013, 5.705% from August 6, 2013 to September 9, 2013, 5.674% from September 9, 2013 to January 20, 2014, and then 0% from May 27, 2014 to August 14, 2014.

62.     Plaintiffs assert that neither of these rates of interest were the correct contractual rate of interest on the HSBC Bank Nevada, N.A. account with the account number ending in 9754.

63.    A calculation of the time between the letters and the amounts demanded in the letters demonstrate that Defendants are applying an unknown and irregular rate of interest and/or fees.  This makes the balance increase at a rate that does not comply with the terms of the initial contract.

64.    By assigning different account balances and unknown rates of interest to the underlying account, Defendants have deceived Plaintiffs as to what the correct rate of interest is for this account.

65.    By assigning misleading account balances and interest rates to the same account, none of which are the applicable contract rate of interest, Defendants have confused Plaintiffs as to what amount of money they owe on this account.

66.    As shown by the January 20, 2014 collection letter, **Exhibit E**, Defendants did continue to attempt to collect the total calculated as a result of Defendants' application of these unfamiliar and constantly changing interest rates.

67.    Yet, when faced with the prospect of being required to prove that Plaintiffs owed $2,832.38 as asserted in Defendants' January 20, 2014 collection letter (**Exhibit E**), in their Civil Complaint, **Exhibit G**, Defendants claimed only $2,249.18 and also alleged that the last date of that indebtedness was May 27, 2014.  Defendants also swore in the Civil Complaint that on December 14, 2009, Defendant LVNV was assigned "the right to collect the purchased balance owing of $2,249.19."

68.     From January 20, 2014 until May 27, 2014, Defendants effectively deducted interest at an annual percentage rate of -59.176%.

69.     Moreover, it is unknown what odd interest rates Defendants applied during periods before the April 11, 2013 collection letter (**Exhibit A**).   However, Plaintiffs assert that Defendants had attempted to collect unauthorized interest or fees on or before April 11, 2013, and continued to attempt to collect those interest and fees on January 20, 2104 (**Exhibit E**) as the Civil Complaint alleges that only $2,249.19 was due as of May 27, 2014 and because as of December 14, 2009, Defendant LVNV was assigned the right to collect $2,249.19. (**Exhibit G**).

70.     The letters and lawsuit from Defendants demand very odd amounts from Plaintiffs and they are confused as to how Defendants calculated said amounts and what authority they have to demand an unfamiliar amount of interest, fees, and/or other charges.

71.     Defendants never state the amount of interest being applied to the account in any of their communications.

72.     Defendants have also used unfair and deceptive means to confuse Plaintiffs as to who owes the debt, and/or to conceal its conduct in applying unauthorized interest or fees.   Defendants initially attempted to collect the alleged debt from both Ms. Quetulio and Mr. Corpuz.   **Exhibits A** and **B**.   Defendants then attempted to collect the alleged debt from Ms. Quetulio only.   **Exhibits C** and **D**.

On January 20, 2014, Defendants sought to collect the highest amount that resulted from the application of the unauthorized interest or fees from Mr. Corpuz only. Defendants then attempted to collect and did sue only Ms. Quetulio for the amount due on the account when LVNV claims it was assigned.  **Exhibits E, F,** and **G**. Plaintiffs allege that these misleading communications are confusing and misleading to the least sophisticated consumer and/or these communications were attempts to conceal the unlawful application of interest or fees to the account.

### Second Violation of the Fair Debt Collection Practices Act: False or Misleading Representations

73.    The acts of Defendants constitute violations of the Fair Debt Collection Practices Act.  Defendants' violations of the FDCPA include, but are not limited to, the use of false, deceptive, or misleading representations in connection with the character, amount, or legal status of the alleged debt, which is a violation of 15 U.S.C. §1692e(2).

74.    The actual amount of the alleged debt is certainly in question.  It is overly confusing as to what amount is owed on this account since the amount of $2,712.03 is demanded on April 11, 2013, $2,721.09 on May 6, 2013, $2,760.34 on August 6, 2013, $2,775.01 on September 9, 2013, $2,832.38 on January 20, 2014, and $2,249.19 on May 27, 2014 and August 14, 2014.

75.    By demanding amounts that increase by irregular rates of interest, Defendants have made false representations to Plaintiffs as to what amount of

money, if any, they owe on this account, including the representation of January 20, 2014, **Exhibit E**.

76. Plaintiffs assert that the changing balances demanded by Defendants demonstrate that Defendants have no knowledge of the correct amount owed, if any.

77. Further, Defendants attempted to keep Plaintiffs confused as to the amount owed so that if Plaintiffs were to make payments on this account they would never know the actual amount owed, and instead would keep paying indefinitely on fees, interest, or other charges that were never legally owed.

78. Defendants have also used unfair and deceptive means to confuse Plaintiffs as to who owes the debt, and/or to conceal its conduct in applying unauthorized interest or fees.  Defendants initially attempted to collect the alleged debt from both Ms. Quetulio and Mr. Corpuz.  **Exhibits A** and **B**.  Defendants then attempted to collect the alleged debt from Ms. Quetulio only.  **Exhibits C** and **D**. On January 20, 2014, Defendants sought to collect the highest amount that resulted from the application of the unauthorized interest or fees from Mr. Corpuz only. Defendants then attempted to collect and did sue only Ms. Quetulio for the amount due on the account when LVNV claims it was assigned.  **Exhibits E, F,** and **G**. Plaintiffs allege that these misleading communications are confusing and misleading to the least sophisticated consumer and/or these communications were

15

attempts to conceal the unlawful application of interest or fees to the account.

### Third Violation of The Fair Debt Collection Practices Act:
### Unfair practices

79. The acts of Defendants constitute violations of the Fair Debt Collection Practices Act. Defendants' violations of the FDCPA include, but are not limited to, the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law, which is a violation of 15 U.S.C. §1692f(1).

80. The amounts sought by Defendants in their various communications include rates of interest and various fees not expressly authorized by the agreement creating the debt or permitted by law, and thus were in direct violation of 15 U.S.C. § 1692f(1).

81. The collection letters from Defendants assert that different balances are owed, each greater than that originally demanded.

82. On January 20, 2014, Defendants attempted to collect $2,832.38, the highest amount demanded after application of all the various interest rates applied by Defendants. **Exhibit F**.

83. However, when Defendants filed their Civil Complaint, they demanded an amount even less than that demanded on April 11, 2013. *Compare* **Exhibit A** with **Exhibit G**. Moreover, Defendants confirm that Defendant LVNV

was assigned the "right to collect the purchased balance owing of $2,249.19." **Exhibit G**.

84.    A calculation of the time that had passed between letters and the change in the amount owed reveals that the interest and fees charged were not applied consistently, and thus could not be in compliance with the original agreement creating the debt.

85.    Plaintiffs assert that their contractual rate of interest was never the amount of 4.877%, 5.723%, 5.705%, 5.674% or -59.176%, all of which have been applied to the account by Defendants.

86.    Defendants have demanded rates of interest and/or collection fees that are not authorized by the agreement creating the debt or permitted by law.

87.    Plaintiffs dispute that the original contract allowed the imposition of interest, fees or other permissible charges that vary in the amounts that Defendants attempted to collect.

88.    The amounts sought by Defendants in their various communications include rates of interest and various fees not expressly authorized by the agreement creating the debt or permitted by law, and thus were demands in direct violation of 15 U.S.C. § 1692f(1).

89.    Defendants have also used unfair and deceptive means to confuse Plaintiffs as to who owes the debt, and/or to conceal its conduct in applying

unauthorized interest or fees.  Defendants initially attempted to collect the alleged

debt from both Ms. Quetulio and Mr. Corpuz.  **Exhibits A** and **B**.  Defendants then

attempted to collect the alleged debt from Ms. Quetulio only.  **Exhibits C** and **D**.

On January 20, 2014, Defendants sought to collect the highest amount that resulted

from the application of the unauthorized interest or fees from Mr. Corpuz only.

Defendants then attempted to collect and did sue only Ms. Quetulio for the amount

due on the account when LVNV claims it was assigned.  **Exhibits E, F,** and **G**.

Plaintiffs allege that these misleading communications are confusing and

misleading to the least sophisticated consumer and/or these communications were

attempts to conceal the unlawful application of interest or fees to the account.

## COUNT TWO:
## VIOLATIONS OF THE HAWAI'I REVISED STATUTES

### *First Violation of the Hawai'i Revised Statutes:*
### *False or Misleading Representations*

90.    The acts of Defendants constitute violations of the Hawai'i Revised

Statutes.  Violations include, but are not limited to, any false representation or

implication of the character, extent, or amount of a claim against a debtor or

alleged debtor, or of its status in any legal proceeding.  Such conduct is a violation

of Haw. Rev. Stat. §  443B-18(5).

91.    The underlying debt is disputed.

92.    The letters from Defendants demand odd amounts from Plaintiffs and

Plaintiffs assert Defendants have demanded an unfamiliar rate of interest and/or fees.

93.    The amounts demanded by Defendants increased from the purported balance of $2,712.03 on April 11, 2013, to:  $2,721.09 on May 6, 2013; $2,760.34 on August 6, 2013; $2,775.01 on September 9, 2013; $2,832.38 on January 20, 2014; and then $2,249.19 on May 27, 2014 and August 14, 2014 .

94.    A calculation of the time between the letters and the amounts demanded in the letters shows that an unknown rate of interest and/or fees were being applied and making the balance increase at rates that do not comply with the terms of the initial contract.

95.    A calculation of the time passed and the amounts demanded demonstrates that Defendants added interest at an annual percentage rate of 4.877% from April 11, 2013 to May 6, 2013, 5.723% from May 6, 2013 to August 6, 2013, 5.705% from August 6, 2013 to September 9, 2013, 5.674% from September 9, 2013 to January 20, 2014, and then 0% from May 27, 2014 to August 14, 2014.

96.    As shown by the January 20, 2014 collection letter, **Exhibit E**, Defendants did continue to attempt to collect the total calculated as a result of Defendants' application of these unfamiliar and constantly changing interest rates.

97.    Yet, when faced with the prospect of being required to prove that Ms.

Quetulio owed $2,832.38 as asserted in Defendants' January 20, 2014 collection letter (**Exhibit E**), in their Civil Complaint, **Exhibit G**, Defendants claimed only $2,249.18 and also alleged that the last date of that indebtedness was May 27, 2014.   Defendants also swore that Defendants were assigned "the right to collect the purchased balance owing of $2,249.19." **Exhibit G**.

98.    From January 20, 2014 until May 27, 2014, Defendants effectively deducted interest at an annual percentage rate of -59.176%.

99.    Moreover, it is unknown what interest rates Defendants applied before the April 11, 2013 collection letter (**Exhibit A**).   However, Plaintiffs assert that Defendants did attempt to collect unauthorized interest or fees on or before April 11, 2013, and continued to attempt to collect those interest and fees on January 20, 2014 (**Exhibit E)** as the Civil Complaint alleges that only $2,249.19 was due as of May 27, 2014 and confirms that Defendant LVNV was assigned the right to collect that purchased amount.  (**Exhibit G**).

100.   By assigning different account balances and interest rates to the same account, none of which are the applicable contract rate of interest, Defendants have made one or more false representations or implications of the character, extent, or amount of money Plaintiffs owe.

101.   Defendants never state the amount of interest being applied to the account in any of its correspondences.

102.   The letters and Civil Complaint from Defendants demand very odd amounts from Plaintiffs and Plaintiffs are confused as to how Defendants calculated said amounts and what authority they have to demand unfamiliar rates of interest.

103.   By assigning different account balances and an unknown rate of interest to the underlying account, Defendants have made one or more false representations or implications of the character, extent, or amount of money Plaintiffs owe on this account and have committed a violation of Haw. Rev. Stat. § 443B-18(5).

104.   Defendants have also used unfair and deceptive means to confuse Plaintiffs as to who owes the debt, and/or to conceal its conduct in applying unauthorized interest or fees.  Defendants initially attempted to collect the alleged debt from both Ms. Quetulio and Mr. Corpuz.  **Exhibits A** and **B**.  Defendants then attempted to collect the alleged debt from Ms. Quetulio only.  **Exhibits C** and **D**. On January 20, 2014, Defendants sought to collect the highest amount that resulted from the application of the unauthorized interest or fees from Mr. Corpuz only. Defendants then attempted to collect and did sue only Ms. Quetulio for the amount due on the account when LVNV claims it was assigned.  **Exhibits E, F,** and **G**. Plaintiffs allege that these misleading communications are confusing and misleading to the least sophisticated consumer and/or these communications were

attempts to conceal the unlawful application of interest or fees to the account.

### Second Violation of the Hawai'i Revised Statutes: False or Misleading Representations

105.   Any representation that an existing obligation of the debtor or alleged debtor may be increased by the addition of attorney's fees, investigation fees, service fees, and any other fees or charges when in fact the fees or charges may not legally be added to the existing obligations violates Haw. Rev. Stat. § 443B-18(8).

106.   Upon information and belief, Plaintiffs assert that Defendants did not have authority to impose additional fees on the originating account.

107.   By assessing unwarranted interest, fees or charges, Defendants have demanded amounts that are not expressly authorized by the agreement creating the debt or permitted by law.

108.   Defendants' demands of additional amounts are collection attempts for amounts not expressly authorized by the agreement.

### Third Violation of the Hawai'i Revised Statutes: The Use of Unfair Practices in Attempt to Collect a Debt

109.   Violations of the Hawai'i Revised Statutes also include, but are not limited to, the collection of or the attempt to collect any interest or other charge, fee, or expense incidental to the principal obligation unless the interest or incidental fee, charge, or expense is expressly authorized by the agreement creating the obligation and legally chargeable to the debtor or alleged debtor; or unless the

interest or incidental fee, charge, or expense is expressly authorized by law.  Such conduct violates Haw. Rev. Stat. §  443B-19(2).

110.   Upon information and belief, Plaintiffs assert that Defendants did not have authority to impose additional fees on the originating account.

111.   By assessing unwarranted interest, fees or charges, Defendants have demanded amounts that are not expressly authorized by the agreement creating the debt or permitted by law.

112.   Defendants' collection letters demanding additional fees or interest are collection attempts for amounts not expressly authorized by the agreement.

113.   A calculation of the time passed and the amounts demanded demonstrates that Defendants added interest at an annual percentage rate of 4.877% from April 11, 2013 to May 6, 2013, 5.723% from May 6, 2013 to August 6, 2013, 5.705% from August 6, 2013 to September 9, 2013, 5.674% from September 9, 2013 to January 20, 2014, and then 0% from May 27, 2014 to August 14, 2014.

114.   As shown by the January 20, 2014 collection letter, **Exhibit E**, Defendants did continue to attempt to collect the total calculated as a result of Defendants' application of these unfamiliar and constantly changing interest rates.

115.   Yet, when faced with the prospect of being required to prove that Plaintiffs owed $2,832.38 as asserted in Defendants' January 20, 2014 collection

letter (**Exhibit E**), in their Civil Complaint, **Exhibit G**, Defendants claimed only $2,249.18 and also alleged that the last date of that indebtedness was May 27, 2014.  From January 20, 2014 until May 27, 2014, Defendants effectively deducted interest at an annual percentage rate of -59.176%.

116.   Moreover, it is unknown what interest rates Defendants applied before the April 11, 2013 collection letter (**Exhibit A**).  However, Plaintiffs assert that Defendants had attempted to collect unauthorized interest or fees on or before April 11, 2013, and continued to attempt to collect those interest and fees on January 20, 2104 (**Exhibit E**) as the Civil Complaint alleges that only $2,249.19 was due as of May 27, 2014.

117.   By assigning different account balances and interest rates to the same account, none of which are the applicable contract rate of interest, Defendants have made a false representation or implication of the character, extent, or amount of money Plaintiffs.

118.   Plaintiffs assert that Defendants' demands do not comply with the original agreement creating the obligation and are not amounts legally chargeable to Plaintiffs.  Furthermore, the additional interest or incidental fees, charges, or expenses added to the account by Defendants are not expressly authorized by law.

### *Fourth Violation of the Hawai'i Revised Statutes:*
### *The Use of Unfair Practices in Attempt to Collect a Debt*

119.   Violations of the Hawai'i Revised Statutes also include, but are not

24

limited to, the collection of or the attempt to collect from a debtor or alleged debtor all or any part of the collection agency's fees or charges for services rendered. Such conduct is a violation of Haw. Rev. Stat. §  443B-19(3).

120.   Upon information and belief, Plaintiffs assert that Defendants did not have authority to impose additional fees on the originating account.

121.   Defendants are attempting to collect their respective collection agency fees or charges for services rendered, and thus are in violation of Haw. Rev. Stat. § 443B-19.

### Fifth Violation of the Hawai'i Revised Statutes:
### The Use of Unfair Practices in Attempt to Collect a Debt

122.   The collection of or the attempt to collect any interest or other charge, fee, or expense incidental to the principal obligation unless the interest or incidental fee, charge, or expense is expressly authorized by the agreement creating the obligation and legally chargeable to the debtor or alleged debtor; or unless the interest or incidental fee, charge, or expense is expressly authorized by law is a violation of Haw. Rev. Stat. § 443B-19(4).

123.   As explained in detail above, the letters and Civil Complaint from Defendants demand Plaintiffs pay odd amounts.

124.   Plaintiffs are confused as to how Defendants calculated the amount owed and what authority they have to demand an unfamiliar amount of interest.

125.   A calculation of the time passed and the amounts demanded

demonstrates that Defendants added interest at an annual percentage rate of 4.877% from April 11, 2013 to May 6, 2013, 5.723% from May 6, 2013 to August 6, 2013, 5.705% from August 6, 2013 to September 9, 2013, 5.674% from September 9, 2013 to January 20, 2014, and then 0% from May 27, 2014 to August 14, 2014.

126.   A calculation of the time between the letters and the amounts demanded in the letters demonstrates that the balance increased at irregular rates, rates that do not comply with the terms of the initial contract.

### *Respondeat Superior Liability*

127.   In addition to their individual liability under the FDCPA, the acts and omissions of Defendant Christensen as agent for Defendant LVNV were committed within the time and space limits of their agency relationship its principal, Defendant LVNV.

128.   The acts and omissions by Defendant Christensen were incidental to, or of the same general nature as, the responsibilities they were authorized to perform by Defendant LVNV in collecting consumer debts.

129.   By committing these acts and omissions against Plaintiff, Defendant Christensen was motivated to benefit their principal, Defendant LVNV.

130.   Defendant LVNV is therefore liable to Plaintiff through the Doctrine of Respondeat Superior, for the intentional and negligent acts, errors, and

omissions done in violation of federal law by the debt collector(s) employed as agents of Defendant Christensen during its attempts to collect the debt from Plaintiff.

### *Summary*

131. The above-detailed conduct by Defendants and their agents in connection with collection of the debt, was conduct in violation of numerous and multiple provisions of the FDCPA and Hawai'i Revised Statutes including, but not limited to the above-cited provisions.

### TRIAL BY JURY

132. Plaintiffs are entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed.R.Civ.P. 38.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray that judgment be entered against Defendants and in favor of the Plaintiffs as follows:

a) Declaratory judgment that Defendants violated Plaintiffs' rights under the Fair Debt Collection Practices Act;

b) That Plaintiffs be awarded actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant in an amount to be determined at a trial by a jury;

c)      That Plaintiffs be awarded statutory damages of $1,000.00 against each and every Defendant pursuant to 15 U.S.C. §1692k(a)(2);

d)      That Plaintiffs be awarded the costs of litigation, including a reasonable attorney fee, pursuant to 15 U.S.C. §1692k(a)(3);

e)      Declaratory judgment that Defendants violated Plaintiffs' rights under the Hawai'i Revised Statutes;

f)      That Plaintiffs be awarded treble damages pursuant to Haw. Rev. Stat. § 480-13 in an amount to be determined by a jury at trial;

g)      That Plaintiffs be awarded statutory damages of not less than $1,000.00 pursuant to Haw. Rev. Stat. § 480-13;

h)      That Plaintiffs be awarded the costs of litigation including a reasonable attorney fee pursuant to Haw. Rev. Stat. § 480-13;

i)      That the Court declare all defenses raised by Defendants to be insufficient; and

j)      Such other and further relief, including injunctive relief as may be necessary to effectuate the Court's judgment, or as the Court otherwise deems just and equitable.

Respectfully submitted this the <u>19th</u> day of December, 2014.


*/s/ **Richard L. Holcomb**   *
Richard L. Holcomb, #9177
Attorney for Plaintiff

28